# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **SPIROS PETE RIGAS,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Civil Action No. CV-12-S-2401-NW |
| **THE CITY OF ROGERSVILLE, ALABAMA,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on a motion to dismiss by defendant Town[1] of Rogersville, Alabama ("the Town").[2] Plaintiff, Spiros Pete Rigas, commenced this action in the Circuit Court of Lauderdale County, Alabama, on June 8, 2012.[3] Defendants, the Town and Officer Jason Shireman, timely removed the case on July 6, 2012, based on federal question jurisdiction.[4] Plaintiff's complaint contains four counts: (1) a claim for assault and battery against Officer Shireman; (2) a claim for false imprisonment/false arrest against Officer Shireman and, apparently, the Town; (3) a claim for negligent supervision and training against the Town; and (4) a claim

---

[1] Defendant informed the court that plaintiff's complaint incorrectly characterizes Rogersville as a city, when, in fact, it is a town. Doc. no. 2 (Motion to Dismiss), at 1 n.1. The court will refer to defendant accordingly.

[2] Doc. no. 2 (Motion to Dismiss).

[3] *See* doc. no. 1 (Notice of Removal).

[4] *Id.*

that plaintiff's Fourth Amendment rights were violated by Officer Shireman and the Town.[5]  The Town seeks dismissal of all the claims against it.[6]

## I.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 544 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp.*, 550 U.S.] at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*.  Where a complaint pleads facts that are "merely consistent with" a defendant's

---

[5] Doc. no. 1 (Notice of Removal), at ECF 11-23 (Plaintiff's Complaint).  Plaintiff's complaint was contained within the defendants' notice of removal.  For simplicity, further citations to the complaint will simply reference its numbered paragraphs (*e.g.*, Complaint ¶ 1).

[6] Doc. no. 2 (Motion to Dismiss).

liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557 (brackets omitted).

*Iqbal*, 556 U.S. at 678 (alteration supplied). Moreover, a court need not accept a complaint's legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

As always is the case in the context of ruling upon a motion to dismiss, the district court is required to assume that

> the facts set forth in the plaintiff's complaint are true. *See Anza* [*v. Ideal Steel Supply Corp.*], 547 U.S. 451, [453,] 126 S. Ct.[1991,] 1994 [(2006)] (stating that on a motion to dismiss, the court must "accept as true the factual allegations in the amended complaint"); *Marsh v. Butler County*, 268 F.3d 1014, 1023 (11th Cir. 2001) (*en banc*) (setting forth the facts in the case by "[a]ccepting all well-pleaded factual allegations (with reasonable inferences drawn favorably to Plaintiffs) in the complaint as true"). Because we must accept the allegations of plaintiff's complaint as true, what we set out in this opinion as "the facts" for Rule 12(b)(6) purposes may not be the actual facts.

*Williams v. Mohawk Industries, Inc.*, 465 F.3d 1277, 1281 n.1 (11th Cir. 2006) (alterations supplied).

## II. FACTS AS ALLEGED

The Town of Rogersville is a municipal corporation located in Lauderdale County, Alabama.[7] At all relevant times, the Town employed Officer Shireman as a member of its police department.[8]

---

[7] Complaint ¶ 2.
[8] *Id.* ¶¶ 31, 36.

3

Plaintiff, who lives in Rogersville, was at his residence on March 14, 2011.[9] Around 9 p.m., Officer Shireman began loudly knocking on plaintiff's front door with such force that plaintiff feared the door was going to be damaged.[10] Plaintiff answered the door and asked Officer Shireman the reason for his behavior.[11] Officer Shireman responded by threatening to arrest plaintiff.[12] Plaintiff answered that he had not committed a crime, at which point Officer Shireman accused him of using drugs and, again, threatened to arrest him.[13] Plaintiff denied the accusation and then repeatedly (but to no avail) asked Officer Shireman to leave his property.[14]

Plaintiff, apparently standing just outside his front door, turned to reenter his home.[15] At that moment, Officer Shireman penned plaintiff against an exterior wall, and a fracas ensued.[16] Plaintiff scrambled for the door "to escape further harm," but Officer Shireman leveraged himself inside the door and began bludgeoning plaintiff on the head with a metal baton.[17] Plaintiff then pushed Officer Shireman out the doorway, shut the door, and called 911 to request deputies from the Lauderdale

---

[9] *Id.* ¶ 11.
[10] *Id.* ¶¶ 12-13.
[11] *Id.* ¶ 14.
[12] *Id.*
[13] Complaint ¶ 15.
[14] *Id.* ¶ 16.
[15] *Id.* ¶ 17.
[16] *Id.* ¶17.
[17] *Id.* ¶ 17.

County Sheriff's Office.[18] Plaintiff also called his mother and asked her to come home. Once she and the sheriff's deputies arrived, plaintiff exited his residence and was arrested.[19] An ambulance transported plaintiff to the Eliza Coffee Memorial Hospital, where he received treatment for the injuries inflicted by Officer Shireman.[20]

Two days after the encounter at plaintiff's home (*i.e.*, on March 16, 2011), Officer Shireman swore a complaint against plaintiff for assault, escape, and resisting arrest.[21] Officer Shireman also signed "the Certificate of Execution of the Warrant of Arrest."[22] When procuring the arrest warrant, Officer Shireman made knowingly false statements to judicial officers about plaintiff, which plaintiff alleges caused him to be unlawfully confined.[23] Ultimately, the grand jury of Lauderdale County refused to return an indictment against plaintiff.[24]

Plaintiff presented a notice and affidavit of his claims to the Town on August 30, 2011.[25] Plaintiff generally accuses the Town of "negligent acts" for "knowingly, recklessly, or with gross negligence fail[ing] to instruct, supervise, control, and/or

---

[18] *Id.* ¶¶ 17-18.
[19] Complaint ¶ 20.
[20] *Id.* ¶ 21
[21] *Id.* ¶ 27.
[22] *Id.* ¶ 27.
[23] *Id*. ¶ 28.
[24] *Id.* ¶ 38.
[25] Complaint ¶ 22.

discipline" Officer Shireman.[26]  The Town, according to plaintiff, either knew, or should have known that "the wrongs conspired to be done [by Officer Shireman were] about to be committed," and the Town could have prevented them.[27]

### III.  DISCUSSION

A.    **Count II: False Arrest/False Imprisonment**

Count II is a state-law claim for false arrest/false imprisonment, but the complaint is not entirely clear about stating the parties against whom that claim is asserted.  The facts specifically alleged in Count II are that Office Shireman:  (1) swore a complaint against plaintiff for assault, escape, and resisting arrest on March 16, 2011, as well as signing the "Certification of Execution of the Warrant of Arrest"; and (2) intentionally caused plaintiff to be falsely arrested and wrongly imprisoned by providing knowingly false statements to judicial officers.[28]  However, plaintiff then describes his injuries "[a]s a direct and proximate consequence of the *Defendants*['] intentional conduct."[29]  The Town has assumed in its motion that it is a defendant to Count II under the theory of *respondeat superior*.

---

[26] *Id.* ¶¶ 33-34.
[27] *Id.* ¶ 40.
[28] *Id.* ¶¶ 27-28.
[29] *Id.* ¶ 29.

Alabama law sets forth the conditions upon which the Town may be held liable for money damages.  In this case, the relevant statute provides that

> [n]o city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, *unless* such injury or wrong was done or suffered *through the neglect, carelessness, or unskillfulness of some agent, officer, or employee of the municipality* engaged in work therefor and while acting in the line of his or her duty . . . .

Ala. Code § 11-47-190 (1975) (2008 Replacement Vol.) (emphasis and alteration supplied).  Thus, the Town's liability is limited to negligence claims, and claims asserted against it based on intentional, willful, or reckless actions are barred.  *See Cremeens v. City of Montgomery*, 779 So. 2d 1190, 1201 (Ala. 2000); *Altmayer v. City of Daphne*, 613 So. 2d 366, 369 (Ala. 1993); *Thurmond v. City of Huntsville*, 904 So. 2d 314, 316 n.2 (Ala. Civ. App. 2004) ("Negligence is the sole basis for liability against a municipality in Alabama.") (citing *Hilliard v. City of Huntsville*, 585 So. 2d 889 (Ala. 1991)); *see also Roberts v. City of Geneva*, 114 F. Supp. 2d 1199, 1213 (M.D. Ala. 2000).  As recently as 2009, the Supreme Court of Alabama reiterated that "a municipality cannot be held liable for the intentional torts of its employees." *Wheeler v. George*, 39 So. 3d 1061, 1085 (Ala. 2009).

Yet other cases hold that a municipality is *not* immune from a claim of false imprisonment.  *See, e.g.*, *Borders v. City of Huntsville*, 875 So. 2d 1168, 1183-84 (Ala. 2003); *Franklin v. City of Huntsville*, 670 So. 2d 848, 852 (Ala. 1995); *see also*

*Scheuerman v. City of Huntsville*, 499 F. Supp. 2d 1205, 1227 (N.D. Ala. 2007); *Hawkins v. City of Greenville*, 101 F. Supp. 2d 1356, 1365 (M.D. Ala. 2000). The justification for that result is that a false imprisonment claim "*can* be based on *less than* intentional conduct, so that [such] a claim is not barred as against a municipality." *Romero v. City of Clanton*, 220 F. Supp. 2d 1313, 1319 n.6 (M.D. Ala. 2002) (emphasis and alteration supplied). Thus, false imprisonment claims against an Alabama municipality are *barred* when *intentional conduct* is alleged, but *permitted* when "a plaintiff alleges a factual pattern that demonstrates neglect, carelessness, or unskillfulness." *Franklin*, 670 So. 2d at 852; *Hawkins*, 101 F. Supp. 2d at 1365. The claim against the Town in Count II falls into the former category and, therefore, is due to be dismissed. *See Romero*, 220 F. Supp. 2d at 1319 (dismissing false imprisonment claim against a city based on intentional conduct); *Rose v. Town of Jackson's Gap*, 952 F. Supp. 757, 767 n.15 (M.D. Ala. 1996) (dismissing false imprisonment claim against a town because plaintiff failed to plead negligence). Plaintiff repeatedly refers to the intentional conduct of Officer Shireman individually, or the defendants collectively: "Defendant Shireman intentionally caused the Plaintiff to be falsely arrested"; "As a result of the defendant's intentional conduct, the Plaintiff was held against his will"; and, "As a direct and proximate consequence of the

Defendants intentional conduct," plaintiff suffered injuries.[30] Consequently, the claim alleged against the Town in Count II is due to be dismissed.

**B.     Count III: Negligent Supervision and Training Against the Town**

Count III alleges a claim against the Town for its negligent supervision and training of Officer Shireman. However, parts of Count III also accuse the Town of knowing, reckless, and intentional action.[31] As the Town observes, to the extent that "any intentional tort claims . . . may be buried in Count III,"[32] such claims are due to be dismissed for the same reasons discussed in the previous section.

In addition, plaintiff fails to state a claim for *negligent* supervision and training. Such a cause of action requires "proof of the employer's actual or constructive awareness of the employee's incompetency." *Ott v. City of Mobile*, 169 F. Supp. 2d (S.D. Ala. 2001) (citing *Big B, Inc. v. Cottingham*, 634 So. 2d 999, 1002-03 (Ala. 1993)); *see also Voyager Insurance Companies v. Whitson*, 867 So. 2d 1065, 1073 (Ala. 2003); *Mardis v. Robbins Tire & Rubber Co.*, 669 So. 2d 885, 889 (Ala. 1995); *Andazola v. Logan's Roadhouse, Inc.*, 871 F. Supp. 2d 1186, 1224-25 (N.D. Ala. 2012).

---

[30] *Id.* ¶¶ 28-29.

[31] Complaint ¶¶ 33-34.

[32] Doc. no. 3, at 5 n.4.

Plaintiff accuses the Town of "knowingly [and] with gross negligence fail[ing] to instruct, supervise, control and/or discipline [Officer] Shireman in a reasonable manner."[33]  He also alleges that the Town "had knowledge, or should have had knowledge," of Officer Shireman's purported "conspir[acy]" to arrest him.[34]  But plaintiff fails to provide any specific facts that would support an inference that the Town either had, or should have had, knowledge of Officer Shireman's intentions. Instead, plaintiff offers only conclusory statements that formulaically recite one of the elements of a negligent supervision and training claim.  *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555, 570.  Accordingly, this claim also is due to be dismissed.

**C.     Count IV: The § 1983 Claim Against the Town**

Count IV is a claim asserted against the Town under 42 U.S.C. § 1983 for violation of plaintiff's Fourth Amendment rights based on the actions of Officer Shireman.[35]  Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality cannot be liable under a theory of *respondeat superior*.  *Id.* at 691-92. Instead, plaintiff must show that some official "policy or custom" of the municipality resulted in a constitutional violation.  *Id.* at 694; *see also Board of Commissioners v. Brown*, 520 U.S. 397, 403 (1997); *Gold v. City of Miami*, 151 F.3d 1356, 1350 (11th

---

[33] Complaint ¶ 33 (alteration supplied).

[34] *Id.* ¶ 40.

[35] *Id.* ¶¶ 35-41.

Cir. 1998). "In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (internal quotations and citations omitted). "Such a showing is a necessary element in order for municipal liability to exist under § 1983." *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984).

Given the preceding, well-established principles, plaintiff fails to state a claim against the Town. As the Town succinctly states in its brief:

> Nowhere in the complaint does plaintiff ever identify — generally or specifically — any policy or custom of the Town which caused the alleged violations of his Fourth Amendment rights. Nor does plaintiff plead any actual facts (as opposed to legal conclusions) even supporting an inference that a policy or custom of the Town led to his alleged constitutional injury.[36]

Plaintiff does not challenge those observations. Instead, he begs the court that he "be allowed the opportunity to conduct discovery on his claims."[37] The court will not indulge a fishing expedition. Plaintiff's § 1983 claim against the Town is due to be dismissed, regardless of whether it is based on a *respondeat superior* theory, or an "official policy or custom" theory. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555, 570; *Monell*, 436 U.S. at 691-92.

### IV.  CONCLUSION

---

[36] Doc. no. 3 (Brief in Support of Motion to Dismiss), at 13.

[37] Doc. no. 7 (Response Brief in Opposition to Motion to Dimiss) ¶ 11.

For all of the reasons stated above, the Town's motion to dismiss is GRANTED. All claims against the Town are DISMISSED with prejudice. Accordingly, Count III is DISMISSED in its entirety, but the claims asserted in Counts I, II, and IV against Officer Shireman remain pending. Costs are taxed to plaintiff.

DONE and ORDERED this 31st day of January, 2013.

                                              _____
                                              United States District Judge